RECEIVED
IN LAKE CHARLES, LA.

NOV - 3 2011

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 CR 00153-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CHARBEL TANNOUS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion by the defendant for Review and Appeal of the Magistrate Judge's Detention Order. (Rec. Doc. 45).

The standard of review for the district court's review of a Magistrate Judge's detention or release order under 18 U.S.C. § 3145(a) is *de novo*. *See, e.g., United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir.1992); *U.S. v. Cisneros*, 328 F.3d 610, 616, n.1 (C.A.10 (N.M.), 2003).

Pursuant to the Bail Reform Act, a defendant should be released pre-trial on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Detention can be ordered only in a case that involves *one* of the six circumstances listed in § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992). On June 6, 2011, Magistrate Judge Kathleen Kay held a detention hearing and ordered the defendant detained. The Court was persuaded that Mr. Tannous obviously knew about the lack of an extradition treaty with Lebanon. When apprehended, the defendant was on a plane bound for Lebanon with cashier's checks in his pocket.

"A serious risk that the person will flee" is one of those six circumstances that warrants detention if there are no release conditions that will reasonably assure appearance of the defendant when required. § 3142(f)(2)(A).

In this case, the evidence as a whole supports the magistrate's finding that Tannous poses a serious risk of flight. The Magistrate did not find the defendant credible and neither does this court. The Government carried its burden of showing that there are no release conditions which would sufficiently address the risk of Tannous's nonappearance. 18 U.S.C. § 3142(e) & (f). Analysis of the factors set forth in 18 U.S.C. § 3142(g) and a *de novo* review of the record indicate that the Magistrate Judge's conclusions are supported by the evidence. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992); *U.S. v. Carvajal*, 77 Fed.Appx. 720, 721 (5th Cir. 2003). Accordingly, the defendant's appeal of the detention order is denied.

Lake Charles, Louisiana, this 3 day of November, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE